MINNIE GELFORD vs. THE CITY OF HARTFORD.

First Judicial District, Hartford, May Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

Where a plaintiff in her complaint sets up as the defendant's only delict its negligent failure to keep the sidewalk of one of its highways in a reasonably safe condition, she ought not to be allowed to claim that upon the facts shown she was also entitled to recover upon

Gelford *v.* Hartford.

the ground of a violation by the defendant of a duty not governmental, but resting upon a contractual obligation in connection with the construction of certain sewers causing the defect in the sidewalk, assumed by the city by virtue of its acceptance of its charter, because the complaint contains no suggestion of such a cause of action.

Even if a city does assume such a contractual duty, the rule of duty and measure of liability do not differ from those which the statute attaches to the performance of the governmental duty of caring for highways, to wit, that of using reasonable care.

The subordinate facts found by the trial court *held* to support its ultimate conclusion that reasonable care was exercised by the defendant.

Argued May 21st—decided July 26th, 1912.

ACTION to recover damages for personal injuries received by reason of a defective highway, brought to and tried by the Superior Court in Hartford County, *Greene, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

December 24th, 1910, between seven and eight o'clock in the evening, the plaintiff, while walking upon a flagstone sidewalk of one of the defendant's public streets, stepped into a hole or depression in the line of the walk, and received the injuries which are the subject of her suit.

The defendant, acting pursuant to charter authority, has adopted an ordinance, one section of which provides that no person shall make a connection with a public sewer, or lay a drain to be so connected, except he be licensed by the board of street commissioners as a drain layer. Another section of the ordinance forbids any licensed drain layer making any opening in any public street of the city until he shall have obtained from the city engineer a permit so to do. The following section provides that the city engineer, or his authorized agents, shall locate and supervise the construction of all sewers and drains from their connection with the main sewer, or curb line, to the plumbing in the structure to be drained.

December 19th, 1910, a licensed drain layer, well known to the officials of the street department, and known to them to be a careful and competent person for the work in which he was engaged, applied for and received a permit to lay a drain from a new house adjacent to the place of accident to the sewer in the street. The execution of this work involved the removal of a stone in the walk and the digging of a ditch or trench across the line of the walk at that point. December 21st, the work being then in progress, an inspector under the city engineer inspected it, in so far as the connection with the sewer was concerned. On the 23d a section foreman of the street department visited and examined the work. At this time the drain had been laid, and the trench was being filled. The work of refilling was completed the same day, and the dirt was well and carefully filled in up to the level of the sidewalk. The flagstone was not replaced. When the drain layer left that afternoon there was no hole, or other dangerous place there, and no need of a barrier or lights for the protection of users of the walk. No barrier or light was placed there.

The hole or depression into which the plaintiff stepped on the evening of the next day was located in the line of the trench. The drain layer did not make it, and there was no direct evidence as to when or how it was made. A light rain began to fall about two o'clock on the morning of the 24th and continued with occasional heavy showers until four o'clock in the afternoon; the total rainfall being three one-hundredths of an inch. Certain witnesses testified that the depression looked as though it had been occasioned by the rain causing the earth to settle.

The trench was refilled in a proper manner, and made safe for travelers over the walk, before the accident to the plaintiff occurred. It was impracticable to refill

it in such a manner that there would not be some settlement of earth. This would be true at whatever season of the year it should be dug and refilled. Rain might increase the tendency to settle, but the extent of such settlement, if any should occur, or the time when it would occur, could not be estimated by the officials of the city, nor could they assume that a settlement was likely to immediately occur, notwithstanding the fact that it was December, and that there was a rainfall on December 24th. The defendant had no actual notice of the depression into which the plaintiff stepped, and there was no evidence that it had existed any length of time before the accident. It had no actual notice of its existence until after the plaintiff was hurt.

The defendant used reasonable care in the premises to keep the street and walk in a suitable condition for public travel, and did not fail to use such care in respect to either the supervision of the street as the work of laying the drain was in progress, or the inspection of the place in view of a possible subsidence of the fill of the trench, or in not providing barriers or warning lights or signs.

*Joseph P. Tuttle*, for the appellant (plaintiff).

*William Waldo Hyde* and *Alvan Waldo Hyde*, for the appellee (defendant).

PRENTICE, J. The plaintiff, in her complaint, sets up as the defendant's only delict its negligent failure to keep the sidewalk of one of its highways in a reasonably safe condition for public travel. It is claimed before us that upon the facts shown she was entitled to recover, not only by reason of such a failure, but upon the ground of a violation by the defendant of a duty

not governmental but resting upon a contractual obligation, in connection with the construction and maintenance of sewers, assumed by it by virtue of the acceptance of its charter. A sufficient answer to this claim is to be found in the fact that the complaint contains no suggestion of such a cause of action. Beyond this, if the city had assumed the contractual duty contended for, nothing of importance to the present case would, under the facts here, be added to the situation presented. The rule of duty and measure of liability in such case do not differ from those which the statute attaches to the performance of the governmental duty of caring for highways, to wit, that of using reasonable care. *Jones* v. *New Haven,* 34 Conn. 1, 14; *Dyer* v. *Danbury,* 85 Conn. 128, 131, 81 Atl. 958. If, in the present case, there was a lack of such care, contributing to the plaintiff's injuries, it found its expression in an unsafe highway. It was as a traveler thereon that she was injured, and her injuries were occasioned by the condition of the highway, and by nothing else. If this condition was one which resulted from the defendant's negligence, and thus justified any action at all, it was one which would justify an action under the statute. General Statutes, § 2020. We may therefore confine ourselves to a consideration of the question of the defendant's liability as for a defective highway.

It is apparent from a reading of the record that the court below applied the true rule of duty, with its incidents of supervision and inspection. In measuring the defendant's conduct in the premises by the standard thus rightfully set up, the court was acting upon a matter of fact; and its conclusion that reasonable care was exercised was one of fact. *Farrell* v. *Waterbury Horse R. Co.,* 60 Conn. 239, 250, 21 Atl. 675, 22 id. 544. The evidence upon which this conclusion was reached is not before us; the subordinate facts found by

the court are. An examination of them fails to disclose that they are inconsistent with the ultimate conclusion reached, that the defendant was free from negligence.

There is no error.

In this opinion the other judges concurred.