## CLIFFORD B. STURGES ET AL.
*vs.*
## TOWN OF EAST HAVEN

Superior Court      New Haven County      File No. 56788

MEMORANDUM FILED JUNE 16, 1941.

*Spencer S. Hoyt,* of New Haven, for the Plaintiffs.

*Edward L. Reynolds,* of New Haven, for the Defendant.

FOSTER, J. On September 21, 1938, there was within the Town of East Haven a park known as Street Park. The land constituting Street Park was and is owned by the defendant town. This ownership includes trees standing in said park. By Special Act of the General Assembly the board of selectmen of the Town of East Haven "shall have power. . . . to provide for the planting, trimming, removal, or preservation of trees, flowers, and shrubs in any of the public streets or parks and to provide for the general care thereof. Said board may exercise within said town all the powers conferred by law upon a tree warden." Special Acts of 1915, No. 114, pp. 95, 103.

The plaintiffs own land and a dwelling house on the south side of Hotchkiss Road in East Haven and there make their residence. Hotchkiss Road is 25 feet wide and is bounded north in part by Street Park. In and near the edge of Street Park and opposite the land of the plaintiffs was a large tree. The north side of the trunk of this tree was rotted about half-way through the trunk to a height of three feet from the ground. Children were accustomed to build fires in this decayed section of the tree. The tree had been in this condition for several years. In the spring of 1938 the plaintiff Clifford B. Sturges showed this tree to one of the three selectmen of the town and complained of its condition and represented to him that it was a danger to the property of the plaintiffs and should be removed.

On September 21, 1938, an unprecedented storm prevailed. The tree in question was blown down across Hotchkiss Road against and upon a tree standing on the property of the plaintiffs, breaking that tree and causing it to fall upon the dwelling house of the plaintiffs, doing damage the agreed amount of which is $1,043.59. The liability of the defendant is settled by the cases of *Jones vs. New Haven,* 34 Conn. 1, and *Dyer vs. Danbury,* 85 id. 128. The latter case cites with approval the former case. The distinction between the two cases is clearly set forth on page 134 in the decision of the *Dyer* case. In the case at bar the charter of the town goes farther than "to regulate the planting and removal" of trees; it provides for the "planting, trimming, removal, or preservation of trees"; it provides that the board of selectmen may exercise all the powers conferred by law upon a tree warden.

This was not a tree upon a highway; it was a tree owned by the defendant situated on land owned by the defendant.

Permitting the tree to exist as it did constituted negligence of the defendant for which the defendant is liable. It also constituted a nuisance as a question of fact, because in its decayed condition its natural tendency was to create danger and inflict injury on persons or property. *Hoffman vs. Bristol*, 113 Conn. 386, 389.

The storm that blew the tree down was unprecedented. Other trees in the neighborhood were blown down in a westerly direction. This tree was blown down in a southerly direction. Even if the damage be considered as the result of an act of God, there was coupled with such cause the failure of the defendant to remove the tree before the day of the storm.

Judgment is rendered that the plaintiff recover from the defendant damages of $1,043.59.