EUGENE MITCHELL *v.* CITY OF MERIDEN

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 7-653-6187

Argued November 1—decided December 23, 1965

*Andrew M. Ullman,* of New Haven, for the appellant (plaintiff).

*Joseph F. Noonan,* of Meriden, for the appellee (defendant).

LEVINE, J. This action was brought in the small claims division of the Circuit Court and transferred to the regular civil docket, where the plaintiff filed an amended complaint setting forth the cause of action in detail. The allegations state that the plaintiff was operating his motor vehicle on Warren Street in the city of Meriden when a tree limb fell on his car, causing damage; that Warren Street is maintained by the defendant city; that the charter empowers the city to regulate the use of sidewalks and to regulate the planting or removal of trees; that the office of the tree warden was established by the charter; that pursuant to the charter the city enacted bylaws providing that consent must be obtained from the city to set out any tree on any street and sidewalk and that the city is empowered to remove trees abutting sidewalks and streets and to remove or trim diseased, decayed or dangerous trees; that by virtue of these provisions the city has assumed the responsibility for superintending, regulating and putting in proper condition trees

situated along city streets, and it was the duty of the city to take proper care and diligence in superintending and regulating trees and the removal of dead, decayed and broken limbs from the trees; that the neglect of this duty was negligence and the proximate cause of the plaintiff's damage; and that the damage was the result of the city's breach of a special privilege assumed by the city to control trees growing within its highways.

To this complaint the city demurred, alleging that the nonperformance or misperformance of a governmental duty imposed upon a municipality does not make the municipality liable for damages unless the right of action is granted by statute and that there is no statute permitting suit on the facts alleged in the complaint. The court sustained the demurrer, and judgment was rendered for the city when the plaintiff refused to plead further. The plaintiff's appeal assigns as error the sustaining of the demurrer, claiming that the defense of governmental immunity is not available to a municipality which has assumed a private or special duty which is not ordinarily required to be performed by it.

It is the settled law of this state that a municipal corporation is not liable for negligence in the performance of a governmental function. *Wysocki* v. *Derby,* 140 Conn. 173, 175, and cases cited therein. "For the nonperformance or misperformance of a merely governmental duty imposed upon a city or town, it is not liable in damages unless a right of action against it is given by statute." *Dyer* v. *Danbury,* 85 Conn. 128, 131; *Jones* v. *New Haven,* 34 Conn. 1, 13; *Greenwood* v. *Westport,* 63 Conn. 587, 591; *Platt Bros. & Co.* v. *Waterbury,* 72 Conn. 531, 549. The fact that a municipality has accepted a charter imposing a governmental function or duty upon it does not create a contract between it and the

state rendering the former liable in damages at common law for a neglect to perform, or a negligent performance of, the duty. *Hewison* v. *New Haven,* 37 Conn. 475, 482. The rule is different where some special power or privilege creating public duties primarily for the benefit of its own citizens is granted to a municipality at its request or where, with its consent, some special duty under special statutes is imposed upon it. In these cases, the municipality is performing a private duty, and although there may be no statutory liability for negligence in the performance of such duties, the municipality is liable for it. *Jones* v. *New Haven,* supra, 14; *Hewison* v. *New Haven,* supra, 483; *Hourigan* v. *Norwich,* 77 Conn. 358, 365; *Dyer* v. *Danbury,* supra. "Municipal corporations are agents of the State in the exercise of certain governmental powers; they are also treated in certain respects as private corporations, and may be authorized by way of special privilege to perform certain acts, in part for the special benefit of the corporation and its inhabitants, which the State may lawfully perform in the exercise of its governmental power. When the State imposes upon an incorporated city the absolute duty of performing some act which the State may lawfully perform and pertaining to the administration of government, the city in the performance of that duty may be clothed with the immunities belonging to the mere agent of the State; but when the city is merely authorized by way of special privilege to perform such an act, in part for its corporate benefit and the benefit of its inhabitants, the city is not clothed with these immunities and is liable to be sued for injuries inflicted through its negligence in the performance of such an act." *Hourigan* v. *Norwich,* supra, 364.

It is also a well-settled rule of our state that the control of trees overhanging or within highways granted to a municipality by its charter, which in-

cludes bylaws implementing such powers or duties with respect to trees, is not the delegation of a governmental function, and therefore it falls in the category of a special privilege or duty. "The city asked of the General Assembly, and received, power to control the trees of the city, standing on its streets and squares, and assumed the entire and exclusive control of them. The owners of trees standing on the highway are liable at common law for injuries occurring in consequence of their neglect to trim them and keep them safe, and the city assuming exclusive control and forbidding the owners to cut, and therefore to trim them, assumed the duty and liability which would otherwise have rested on the owners. It was a private duty so far as the city owned the trees, and equally a private duty if they assumed it in exclusion of the owners. And being a private duty and unperformed they were undoubtedly liable for the injury which resulted from their neglect." *Hewison* v. *New Haven,* supra, 483. "[I]f the grant is of a special power or privilege out of which public duties grow, as in the case of a grant to the common council of New Haven to make by-laws, etc., for the protection and preservation of trees, and the city, acting under that grant, assumes the care of the trees, it is then liable for any negligence in carrying out the duty thus assumed." *Water Commissioners* v. *Manchester,* 87 Conn. 193, 201.

Section 23-65 (b) of the General Statutes forbids anyone to remove, prune, injure or deface any shrub or ornamental or shade tree within the limits of a public way without written permission of the town tree warden or city forester, and provides for a fine and civil suit.[1] In interpreting this section of the

[1] "Sec. 23-65. . . . DEFACING TREES. . . . (b) Any person, firm or corporation, other than a tree warden or his deputy, which wilfully removes, prunes, injures or defaces any shrub or ornamental or shade tree, within the limits of a public way or grounds, without

statutes when it was § 876c of the 1935 Cumulative Supplement, our Supreme Court stated as follows: "While § 876c applies only to shrubs or trees 'within the limits' of a highway, . . . it [is] clear that the legislative intent was to vest exclusive control in the tree warden of all trees standing within the limits of a highway or of any parts of trees extending within those limits . . . ." *Muratori* v. *Stiles & Reynolds Brick Co.,* 128 Conn. 674, 678.

A demurrer admits, for the purpose of argument upon it, all facts alleged in the pleading attacked which are well pleaded. Since the city of Meriden, by its charter and the enactment of its bylaws, assumed the duty of maintaining and caring for trees in or overhanging the highway, and created the office of tree warden, thereby assuming entire and exclusive control of the trees under the penalties and liability provided by § 23-65 (b) of the General Statutes with regard to persons who interfere with the exercise of that duty, the city took upon itself a private duty, a special privilege for which it was liable if it was negligent in the performance of that duty. Therefore, liability exists without a statute permitting such a suit.

There is error, the judgment is set aside and the case is remanded with direction to overrule the demurrer.

In this opinion PRUYN and KINMONTH, Js., concurred.

---

the written permission of the town tree warden, the borough tree warden, the city forester, the highway commissioner, the state park and forest commission or the public utilities commission or other authority having jurisdiction, shall be fined not more than one hundred dollars for each offense and shall be liable civilly for damages in any action brought by the property owner affected thereby."