[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is defendant John Harkins' motion to strike the sixth count and a portion of the seventh count of the revised complaint. Harkins bases this motion on a claim of qualified immunity from suit.
The plaintiff's revised complaint, dated February 15, 1995, alleges that the plaintiff's decedent, Kelly McKenney, was a passenger on a motorcycle driven by Daniel Puziewicz. The CT Page 3948 motorcycle was involved in a high speed chase with police, which ended in a collision with a police cruiser driven by James Desso, a Tolland police officer. As a result of the collision, Kelly McKenney died. In particular, the sixth count of the complaint, alleges that Harkins, Town Manager of Tolland, was negligent in that he: (1) failed to exercise reasonable control and supervision over the Tolland police constable force; (2) failed to enforce the motor vehicle pursuit guidelines applicable to the police force; (3) failed to properly train members of the police force; (4) failed to take measures that would ensure that all police officers understood the motor vehicle pursuit policy; (5) allowed for the occurrence of an unsafe motor vehicle pursuit; (6) failed to coordinate the instant motor vehicle pursuit, identification and apprehension procedures with other law enforcement agencies; and (7) failed to terminate the instant motor vehicle pursuit. In the seventh count of his complaint, the plaintiff makes a statutory indemnification claim against the Town of Tolland for any judgment rendered against another defendant and Harkins.
On February 27, 1995, defendant Harkins filed a motion to strike the sixth count on the ground that governmental immunity bars the action. In addition, defendant Harkins moves to strike the seventh count to the extent that it applies to any alleged negligence on the part of defendant Harkins. During the course of oral argument on the motion, the plaintiff conceded that if the court granted the motion to strike on the sixth count, the motion to strike the seventh count should also be granted to the extent that it applies to defendant Harkins' negligence.
On March 15, 1995, the plaintiff filed an objection to the motion to strike on the grounds that Connecticut General Statutes § 14-283a created a ministerial duty on defendant Harkins to adopt a motor vehicle pursuit policy and to assure that each police officer on the police force understood it.
 A.
The purpose of a motion to strike is to test the legal sufficiency of the pleadings, Ferryman v. City of Groton,212 Conn. 138, 142, (1989). In scrutinizing the legal sufficiency of the plaintiff's complaint, the court assumes the truth of the facts alleged and construes them in the light most favorable to sustaining the sufficiency of the complaint, Bouchard v. People'sBank, 219 Conn. 465, 467, (1991). A motion to strike admits all CT Page 3949 facts well pleaded, but does not admit legal conclusions,Mingachos v. CBS, Inc., 196 Conn. 91, 108, (1985). In deciding a motion to strike, the trial court takes the facts alleged in the complaint as true and cannot consider any facts not alleged therein, Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, (1990).
A motion to strike is a proper vehicle for asserting governmental immunity. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1988). The starting point for analysis of a municipal official's liability is to determine whether a public or private duty is involved, Id. The court must determine, therefore, whether the activity by a town manager which is the subject of the sixth count creates a duty inuring to an individual or the public at large, Roman v. Stamford,16 Conn. App. 213, 220 (1988). If the duty is such that performance of it will affect an individual in a manner different in kind from the effect on the general public, the duty runs to the individual, Id.
The court holds that any duty by Harkins as town manager pertaining to the training of municipal police officers with respect to high speed chases and the method of enforcing municipal policies concerning such pursuits is a public duty and not one owed to individuals. The revised complaint alleges that defendant Harkins was negligent in supervising and training the police force. The complaint does not contain any factual allegations that defendant Harkins knew about the instant motor vehicle pursuit. Also, there are no allegations in the complaint that Harkins knew or should have known that the plaintiff's decedent would be harmed if he failed to take corrective action or that Harkins personally observed or monitored the pursuit but failed to intervene in a timely manner. Accordingly, the plaintiff's allegations only support the existence of a public duty owed by a supervisory municipal official to the general public.
Once it is determined that the duty involved is a public duty, the issue of a municipal officer's liability may hinge on whether the specific activity in issue was ministerial or discretionary, Id., 221; see also Santiago v. New Britain,42 Conn. Sup. 22, 24 (1991). "[A] municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. . . ." Evon v. Andrews, 211 Conn. 501
CT Page 3950 (1989); see also Gordon v. Bridgeport Housing Authority, supra, 167. Ministerial acts are acts to be performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the course of action, Heigl v. Board of Education,218 Conn. 1, 5 (1991). It is well established in Connecticut that "the operation of a police department is a discretionary governmental function . . ., [and] acts or omissions in connection therewith do not give rise to liability on the part of the municipality," Gordon v. Bridgeport Housing Authority, supra, 179. The supervision of a police force by a Town Manager is discretionary in nature and involves the exercise of judgment, particularly as to what training ought to be pursued, how often such training should take place, and which officers ought to receive that training.
The plaintiff alleges that defendant Harkins had a ministerial duty to enforce the motor vehicle pursuit policy. The Connecticut Supreme Court has held that the enforcement of health, housing and fire codes are discretionary in nature, Evonv. Andrews, supra, 501. At least one Connecticut Superior Court has held that the enforcing of building codes are discretionary as a matter of law; Steiger v. Town of Old Lyme,12 Conn. L. Rptr. 171, Judicial District of New London (February 25, 1994, Austin, J.) While these decisions may be factually distinguishable from the present case, the rationale for holding enforcement to be discretionary is apposite. In these cases, the basis of the holding focused on the fact that "the range or discretionary decisions the . . . official must make is especially great given the lack of meaningful guidance." Steigerv. Town of Old Lyme, supra, 12 Conn. L. Rptr. 182. In the present case, there does not appear to be any detailed guidance as to how a Town Manager should enforce the motor vehicle pursuit policy. Consequently, enforcing the policy is discretionary in nature and not ministerial.
 B.
In his memorandum in support of his objection to the motion to strike, and at oral argument, the plaintiff asserted, inter alia, that defendant Harkins had a ministerial duty to adopt a motor vehicle pursuit policy. The revised complaint, however, lacks any allegation that Harkins failed to adopt a motor vehicle policy. "[I]n deciding upon a motion to strike . . ., a trial court must take the facts to be alleged in the complaint and cannot be aided by the assumption of any facts not therein CT Page 3951 alleged," (Citations omitted), Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, (1990). The court cannot consider the failure to adopt a policy in ruling on this motion to strike.
For the above reasons, Harkins has qualified immunity from suit by the plaintiff, and count six and the portion of count seven pertaining to indemnification derivative of Harkins' liability under count six are stricken.
Sferrazza, J.