[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
 Factual Background
The plaintiff, Beverly Bruder, filed a four count second revised complaint on March 10, 1995. Counts one and two of the complaint allege negligence by the defendant City of New Haven. Specifically, count one alleges negligence in the design and maintenance of an escalator located within the New Haven Coliseum on which the plaintiff fell and was injured due to children CT Page 7828 crowding onto the escalator. ¶ 12(a). Count one also alleges that the defendant was negligent in its supervision of the Coliseum. ¶ 12(b). Count two alleges that the City knew, or in the exercise of due care or proper diligence, should have known that a crowded escalator could result in the injury to the plaintiff. Counts three and four allege negligence by the New Haven Memorial Veterans Coliseum Authority (sic) (the "NHMVCA"), David P. Olsen (security and events coordinator of the NHMVCA) and James Perillo (executive director of the NHMVCA). Specifically, count three alleges negligence in the design and maintenance of the escalator and negligent supervision of the Coliseum. ¶¶ 12(a), 12(b). Count four alleges that these defendants knew, or in the exercise of due care or proper diligence, should have known that a crowded escalator could result in the injury to the plaintiff.
On March 16, 1995, the defendants, NHMVCA, Olsen and Perillo filed an answer to the complaint asserting the special defenses of contributory negligence and governmental immunity, under which the defendants allege that they owed no private duty to the plaintiff.[1] The defendants, NHMVCA, Olsen and Perillo also asserted that the plaintiff's claim of negligent design is time barred by the operation of the two-year statute of limitations, General Statutes § 52-584.
On April 7, 1995, the defendant City of New Haven filed an answer to the second revised complaint, in which the City asserted the special defense of governmental immunity.
On June 6, 1997, the defendants, NHMVCA, Olsen and Perillo moved for summary judgment on the ground that there is no genuine issue of material fact. In support thereof, they argue with respect to the negligent supervision portion of count three, that they may not be found negligent as they owed the plaintiff no private duty. In the alternative, the defendants argue "in accordance with [their] second, third, and fourth special defenses" that they are immune from liability based on the common law doctrine of governmental immunity as they engaged in the discretionary function of crowd control. The defendants argue that the legislature's codification of the doctrine of governmental immunity, pursuant to General Statutes § 52-557n(a), provides another basis for this court's granting their summary judgment motion.
The defendants, NHMVCA, Olsen and Perillo also move for summary judgment on the negligent design and installation portion CT Page 7829 of count three as the claim is time barred by the statute of limitations, pursuant to General Statutes § 52-584. The defendants apparently do not move for summary judgment on the negligent maintenance portion of count three.
The plaintiff argues in opposition that the doctrine of governmental immunity does not apply when a municipal corporation engages in proprietary functions. According to the plaintiff, the defendants, NHMCA, Olson and Perillo engaged in proprietary activity as they "[maintained] and [operated] a coliseum" and charged admission to patrons attending the scheduled Disney on Ice event. The plaintiff points out that the defendants "create an issue" of fact in failing to present evidence showing that their activities were not proprietary. The plaintiff asserts, as an additional argument in opposition, that "in effect, the Defendants' negligent supervision and maintenance of the escalator at the Coliseum amounted to a nuisance.[2]
The defendants, NHMVCA, Olsen and Perillo have filed a memorandum in support of their motion for summary judgment, in compliance with Practice Book § 204, now Practice Book §11-10 (1998 Rev.) including an affidavit of James Perillo, excerpts from the plaintiff's deposition taken on June 15, 1995 and the accident report. The plaintiff has timely filed a memorandum in opposition and two supplemental memoranda. The defendants, NHMVCA, Olsen and Perillo also filed a reply memorandum in response to the plaintiff's opposition to the motion for summary judgment.
 Legal Discussion
The defendants, NHMVCA, Olsen and Perillo have moved for summary judgment on the ground that there is no genuine issue of material fact. In support thereof, they argue with respect to the negligent supervision part of count three, that they may not be found negligent as they owed the plaintiff no private duty. In the alternative, the defendants argue "in accordance with [their] second, third, and fourth special defenses" that they are immune from liability based on the common law doctrine of governmental immunity as they engaged in the discretionary function of crowd control.[3] The defendants argue that the legislature's codification of the doctrine of governmental immunity pursuant to General Statutes § 52-557n(a) provides another basis for this court's granting their summary judgment motion. CT Page 7830
The defendants also move for summary judgment on the negligent design and installation portion of count three as the claim is time barred by the statute of limitations, General Statutes § 52-584. At oral argument, this court granted partial summary judgment on count three as to the plaintiff's claim for negligent design and installation. The defendants apparently do not move for summary judgment on count three as to the claim for negligent maintenance based on a statute of limitations argument. The plaintiff's claim for negligent maintenance shall remain a viable claim.
The plaintiff argues in opposition that the doctrine of governmental immunity does not apply when a municipal corporation engages in proprietary functions. According to the plaintiff, the defendants, NHMCA, Olson and Perillo engaged in proprietary activity as they "[maintained] and [operated] a coliseum" and charged admission to patrons attending the scheduled Disney on Ice event. The plaintiff points out that the defendants "create an issue" of fact in failing to present evidence showing that their activities were not proprietary. The plaintiff asserts, as an additional argument in opposition, that "in effect, the Defendants' negligent supervision and maintenance of the escalator at the Coliseum amounted to a nuisance."
The Doctrine of Governmental Immunity
A. The public duty doctrine
"A municipality's potential liability for its tortious acts is limited by the common law principle of governmental immunity. . . . Governmental immunity, however, is not a blanket protection for all official acts." Heigl v. Board of Education,218 Conn. 1, 4, 587 A.2d 423 (1991). The starting point in determining whether a municipality enjoys governmental immunity, thus shielding it from liability, is an analysis of the "public duty doctrine." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988); Roman v. Stamford,16 Conn. App. 213, 219, 542 A.2d 97 (1988), aff'd, 211 Conn. 396,559 A.2d 710 (1989). Under the public duty doctrine, "the court looks to see whether there is a public or private duty alleged by the plaintiff." Gordon v. Bridgeport Housing Authority, supra,208 Conn. 170. "[I]f the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public and not an individual injury, and must be redressed if at all in some CT Page 7831 form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it or to perform it properly, is an individual wrong, and may support an individual action for damages." (Internal quotation marks omitted.) Id. "`In the application of [the public duty doctrine], the problem is always to determine whether the [action] involved does create a duty to the individual. . . . [I]t appears that the test is this: If the duty imposed upon the public official . . . is of such a nature that the performance of it will affect an individual in a manner different in kind from the way it affects the public at large, the [action] is one which imposes upon the official a duty to the individual, and if the official is negligent in the performance of that duty he is liable to the individual.'" Roman v. Stamford, supra, 16 Conn. App. 220, quoting Leger v. Kelley, 142 Conn. 585, 590-91, 116 A.2d 429
(1955). Thus, if it is determined that a municipality owes a private duty to the plaintiff in a particular case, the inquiry goes no further and the municipality or public official will be liable. If the duty that the municipality owes to the plaintiff is determined to be a public duty, however, "the issue of municipal liability may also turn upon whether the specific act in issue was ministerial or discretionary." Roman v. Stamford, supra, 16 Conn. App. 221.
Here, the defendants, NHMVCA, Olsen and Perillo did not owe a private duty to the plaintiff, but rather a general public duty. In order for a duty to be private, thus subjecting the municipality or municipal employee to liability for negligent performance of, or failure to perform, the act, "the performance of it [must] affect an individual in a manner different in kind from the way it affects the public at large." Id., 220. Here, the omission to act by the NHMVCA, through Olsen and Perillo, would not have affected the plaintiff in a manner different in kind from the way it affects the public at large. The failure to provide security personnel to aid people on and off the escalator, or to supervise the crowd to maintain control, would affect all patrons in the same manner.
B. Governmental Acts vs. Proprietary Acts
The plaintiff argues (1) that governmental immunity does not apply to proprietary functions; (2) that a question of fact exists as to whether the defendants, NHMVCA, Olsen and Perillo engaged in proprietary functions; and (3) that the defendants have failed to meet their burden of establishing that no genuine CT Page 7832 issue of material fact exists as to whether the defendants engaged in proprietary functions. The plaintiff concludes that the court is precluded from deciding the issue on a motion for summary judgment.
In response to the plaintiff's assertion that the question of proprietary activity is one of fact, the defendants, NHMVCA, Olsen and Perillo argue that Practice Book §§ 380 and 381 now Practice Book (1998 Rev.) §§ 17-45 and 17-46 require that a party opposing a motion for summary judgment "shall file opposing affidavits and other available documentary evidence." The defendants argue that since the plaintiff has submitted no counter-affidavits in support of her opposition to the defendants' motion for summary judgment, the claim that the NHMVCA was operating in a proprietary capacity remains factually unsupported.
"The functions of a municipal corporation fall into two classes, those of a governmental nature, where it acts merely as the agent or representative of the state in carrying out its public purposes, and those of a proprietary nature, where it carries on activities for the particular benefit of its inhabitants." (Internal quotation marks omitted.) R. A. CivitelloCo. v. New Haven, 6 Conn. App. 212, 217-18, 504 A.2d 542 (1986), quoting Winchester v. Cox, 129 Conn. 106, 109, 26 A.2d 592
(1942). "Where municipalities are engaged in proprietary . . . activities, their actions are not considered governmental and, accordingly, they do not enjoy immunity from negligence resulting from such activities. . . ." (Citation omitted; internal quotation marks omitted.) Roman v. Stamford, supra,16 Conn. App. 221; see General Statutes § 52-557n(a)(1)(B).[4] Thus, "[i]n order to deprive a municipal corporation of the benefit of governmental immunity, the act or function must involve special corporate benefit or pecuniary profit inuring to the municipality. [Even] if this element is present, [however] the fact that the revenue or profit is applied to the maintenance of the property and the reduction of the debt incurred in its construction or acquirement, or otherwise ultimately to the benefit of the public, is not sufficient to create the immunity. . . . To remove the benefit of the principle, however, the operation must contemplate and involve revenue of such amount and nature as to signify a profit resulting therefrom, as distinguished from the imposition of such nominal or small fee or charge as may fairly be regarded as mere incident of the public service rendered. . . ." (Citations omitted.) Carta v. Norwalk, 108 Conn. 697, 702, 142 A. 158
CT Page 7833 (1929). "[I]f property is not held and used by the city for municipal purposes exclusively, but in considerable part as a source of revenue, the city is responsible, as a private owner would be, for injury sustained through its negligence." Id., 701.
Indeed, on very similar facts to the present case, the Superior Court, Hennessey, J., determined that the issue of whether the Hartford Civic Center and Coliseum Authority (the "Authority") derived a pecuniary benefit, thus defeating the defense of governmental immunity, was a question of fact not properly determined on a motion to strike. See Folley v. HartfordCivic Center, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 528962, (April 6, 1994,Hennessey, J.). In Folley the plaintiff attended a concert at the Hartford Civic Center where she was injured by a belligerent spectator. The plaintiff alleged negligence on the part of the Authority for, inter alia, failing to timely remove or control the spectator upon notification that she was presenting a danger, failing to maintain a sufficient number of security personnel and failing to provide safe premises. The Authority filed a motion to strike based on the doctrine of governmental immunity. The plaintiff filed a memorandum in opposition to the motion to strike, in which the plaintiff argued that the Authority was acting in a proprietary or ministerial function. The court held that "[w]hether defendant Authority derived a pecuniary benefit in connection with the . . . concert at the Hartford Civic Center is a factual finding that is not properly determined on a motion to strike." Id.
In Leclaire v. Town of Vernon, Superior Court, judicial district of Tolland at Rockville, Docket No. 044254, (August 4, 1992, McWeeny, J.), the court denied the defendant town of Vernon's summary judgment motion, finding that an issue of fact existed as to whether the town's lease of a courthouse to the state of Connecticut, was a proprietary function. The plaintiff brought an action against the town for injuries when he sat on a metal bolt protruding from a bench, while he was in a holding cell. The court reasoned that proprietary functions were "commercial in nature"; citing Tarzia v. Stamford TransitDistrict, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 076893 (February 28, 1989, Lewis, J.) (4 C.S.C.R. 302, 303); and held that while the town's lease of the court building might appear commercial, it was "a close question which should be developed at trial." See also Russo v. Borough ofNaugatuck, Superior Court, judicial district of Ansonia-Milford CT Page 7834 at Milford, Docket No. 044462 (January 31, 1997 Sequino, J.) (determining that the plaintiff's complaint against the municipality, arising out of injuries the plaintiff sustained in a softball game on a town-owned athletic field, for which game the town charged team tournament fees, raises issues of fact as to whether the acts complained of were proprietary, governmental or ministerial in nature, and thus are not amenable to summary judgment); Aukshunas v. Town of Groton, Superior Court, judicial district of New London at New London, Docket No. 523786, (May 22, 1995, Hendel, J.) (denying defendant Town of Groton's motion for summary judgment on the plaintiff's claims of injury, as a question of fact existed as to whether the town's maintenance and operation of a public golf course was a proprietary function).[5]
In count one of her second revised complaint, the plaintiff alleges that "the ownership of the Coliseum was an activity of the municipality and was proprietary in nature." The plaintiff also alleges in count one that the City of New Haven "derived a financial benefit from the ownership of said Coliseum." The defendants provide no evidence that the municipality did not receive a financial benefit from operating the Coliseum. The defendants, as movants, have failed to meet their "burden of presenting evidence that shows the absence of any genuine issue of material fact. . . ." Beers v. Bayliner Marine Corp. ,236 Conn. 769, 771 n. 4, 675 A.2d 829 (1996) (Internal quotation marks omitted.) While the plaintiff has failed to put forth evidence substantiating her adverse claim, she has "[recited] specific facts . . . which contradict those stated in the movant's affidavits and documents." (Internal quotation marks omitted.)Connecticut National Bank v. Great Neck Development Co.,215 Conn. 143, 148, 574 A.2d 1298 (1990). When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." HeymanAssociates No. 1 v. Insurance Co. of Pennsylvania, 231 Conn. 756,796, 653 A.2d 122 (1995).
At this stage of the proceeding, the defendants have failed to meet their burden of demonstrating that there is no genuine issue of material fact, and the court is unable to determine as a matter of law that the defendants are entitled to judgment on the issue of whether the operation of the Coliseum is proprietary in nature. Accordingly, the defendants' motion for summary judgment on the complaint must be denied. CT Page 7835
 Conclusion
Based on the foregoing, the defendants motion for summary judgment (#118) is denied as the defendants have failed to prove that no genuine issue of material fact exists as to whether the defendants were acting in a proprietary capacity.
The negligent maintenance portion of count three remains a part of the plaintiff's revised complaint as the court's grant of partial summary judgment by agreement, at oral argument, was limited to the negligent design and installation portion of count three.
So ordered.
Michael Hartmere Judge of the Superior Court