[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #114
The plaintiffs, Shaun Suller and Karen Suller,[1] filed a complaint against the defendants, the city of Shelton, Victor Cook and Christopher Anderson, on November 18, 1996. Shaun Suller was a participant in the city of Shelton Park and Recreation Department after school Weight Training and Conditioning program (program). The plaintiffs allege that Shaun Suller was injured while participating in the program, specifically, while engaging in the pliometrics and weight training exercises. The plaintiffs allege that Cook and Anderson were negligent and careless in their supervision of the program and weight room. The plaintiffs further allege that the city of Shelton is liable for the actions of Cook and Anderson pursuant to General Statutes § 7-465[2]
and respondeat superior. The defendants filed an amended answer and three special defenses on October 1, 1998. The plaintiffs filed a reply to the special defenses on November 23, 1998.
The defendants move for summary judgment as to liability on governmental immunity grounds and they are entitled to judgment as a matter of law. The plaintiffs object to summary judgment and submit a memorandum of law.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Riverav. Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case. (Internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Sherwood v. DanburyCT Page 9619Hospital, 252 Conn. 193, 201, 746 A.2d 730 (2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Rivera v. Double ATransportation, Inc., supra, 248 Conn. 24. "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Sherwood v. Danbury Hospital, supra,252 Conn. 201. "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988).
The defendants argue that they are entitled to summary judgment because of the doctrine of governmental immunity. The defendants argue that the duties ascribed to them by the plaintiffs are public duties, not private duties; the duties involve the exercise of judgment and discretion; and, as Cook and Anderson are immune from suit because of the public duty doctrine and because they were exercising discretion, the plaintiffs have no right to indemnification pursuant to § 7-465.
The plaintiffs object to summary judgment and argue that the duty owed is private, not public. The plaintiffs also argue that even if the court finds that the duty owed was a public duty, summary judgment is still inappropriate because this "is only the starting point of the analysis of governmental immunity." (Plaintiff's Memorandum, p. 4.) The plaintiffs also argue that governmental immunity does not provide a defense to negligent supervision. The plaintiffs further argue that the "identifiable person/imminent harm" exception to governmental immunity applies and that, therefore, governmental immunity is not a defense. The plaintiffs finally argue that, because the defendants are not entitled to summary judgment, they are entitled to pursue their indemnification claim pursuant to § 7-465.
 A. PUBLIC DUTY
The defendants first argue that the duties owed were public in nature and not duties owed to an individual. The plaintiffs dispute this, arguing that the duties owed were private. The plaintiffs' complaint alleges that the defendants breached a private duty owed to Shaun Suller, in that, inter alia, they: (1) left the weight room unsupervised; (2) failed to properly supervise, hire, or train a sufficient number of employees; (3) were negligent and careless in their selection and admission of participants; (4) failed to obtain basic CT Page 9620 information about each participant regarding age, body weight, weight lifting and pliometrics experience, and skill level; (5) failed to provide properly fitting back supports; and (6) failed to safeguard school age participants from injury caused by falling on their backs on the hard floor by failing to provide floor mats.
Determining whether a duty is public or private is the starting point of a municipal liability analysis. Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). "In the application of [the public duty doctrine], the problem is always to determine whether the [action] involved does create a duty to the individual. . . . [I]t appears that the test is this: If the duty imposed upon the public official . . . is of such a nature that the performance of it will affect an individual in a manner different in kind from the way it affects the public at large, the faction] is one which imposes upon the official a duty to the individual, and if the official is negligent in the performance of that duty he is liable to the individual." (Internal quotation marks omitted.) Roman v. Stamford, 16 Conn. App. 213, 220,547 A.2d 97, cert. granted, 209 Conn. 821, 551 A.2d 757, aff'd,211 Conn. 396, 559 A.2d 710 (1988). "[T]he court looks to see whether there is a public or private duty. . . . This determination involves a question of law." Id., 219-220; see also Burns v. Board of Education,228 Conn. 640, 646, 638 A.2d 1 (1994) (holding that existence of duty of care, an essential element of negligence, is matter for court to decide). "If a public duty exists, an official can be liable only if the act complained of is a ministerial act or one of the narrow exceptions to discretionary acts applies." Gordon v. Bridgeport Housing Authority, supra, 208 Conn. 170.
"The Connecticut Superior Court has held that `[a] duty to supervise students is a public duty as it affects students generally.' Viens v.Graner, Superior Court, judicial district of New London at New London, Docket No. 524313 (June 28, 1993, Teller, J.). See also Rheiner v.Lefevre, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 541267 (March 12, 1998, Teller, J.) (21 Conn. L. Rptr. 502) ("as [the physical education teacher] was required to properly supervise her students . . . she was engaged in the performance of a public duty . . .")." Dube v. Bye, Superior Court, judicial district of New Haven at New Haven, Docket No. 418259 (December 13, 1999, Zoarski,J.T.R.); see also O'Neill v. State, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 332721 (January 7, 1998, Skolnick,J.); Colon v. City of New Haven, Superior Court, judicial district of New Haven at New Haven, Docket No. 363088 (July 2, 1998, Moran, J.) (22 Conn.L.Rptr. 337); Doe v. Roe, Superior Court, judicial district of Windham at Putnam, Docket No. 48779 (April 17, 1996, Martin, J.). This court is in agreement that the duty to supervise the students in the CT Page 9621 program is a public duty.
 B. IDENTIFIABLE PERSON/IMMINENT HARM
The defendants' second argument is that any duties owed were discretionary. The plaintiffs argue that governmental immunity is not a defense to negligent supervision and that the "identifiable person/imminent harm" exception applies.
"Once it is determined that the duty involved in the present case is a public duty, the issue of municipal liability may also turn upon whether the specific act in issue was ministerial or discretionary." Roman v.Stanford, supra, 16 Conn. App. 221; see also Gordon v. Bridgeport HousingAuthority, 208 Conn. 170. "The plaintiff acknowledges that any duty owed by the defendants to the plaintiff was discretionary in nature." (Plaintiff's Memorandum, p. 5.) "Municipal liability for the breach of a public duty attaches `only if . . . one of the narrow exceptions to discretionary acts . . . applies.'" Roman v. Stamford, supra,16 Conn. App. 221; see also Gordon v. Bridgeport Housing Authority,208 Conn. 170.
"Our cases recognize three such exceptions: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Internal quotation marks omitted.) Purzycki v. Fairfield, 244 Conn. 101,108, 708 A.2d 937 (1998). The plaintiffs argue that the identifiable person/imminent harm exception, the first exception, applies to the present case.
"The discrete person/imminent harm exception to the general rule of governmental immunity for employees engaged in discretionary activities has received very limited recognition in this state." (Internal quotation marks omitted.) Evon v. Andrews, 211 Conn. 501, 507, 559 A.2d 1131
(1989). "We have construed this exception to apply not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims." Burns v. Board of Education, 228 Conn. 640,646, 638 A.2d 1 (1994). "In delineating the scope of a foreseeable class of victims exception to governmental immunity, our courts have considered numerous criteria, including the imminency of any potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim." Id., 647. "An individual may be `identifiable' for purposes of the exception to CT Page 9622 qualified governmental immunity if the harm occurs within a limited temporal and geographical zone, involving a temporary condition. Purzyckiv. Fairfield, supra, 244 Conn. 110." Tryon v. North Branford,58 Conn. App. 702, 710, ___ A.2d ___ (2000). In Tryon v. North Branford, supra, 58 Conn. App. 702, the plaintiff was bitten by a fireman's dog while in the staging area of a firemen's parade. The court held that the plaintiff was an identifiable person because "the harm did occur within a framework limited in duration, place and condition." Id., 710.
The plaintiffs in the present case claim that Shaun Suller is "one of a class of foreseeable victims to whom the defendants owed a "duty of protection." (Plaintiff's Memorandum, p. 7.) The plaintiffs argue that "the danger was limited to the two hours per day that the program ran . . . [and] was restricted to the Shelton High School weight room." (Plaintiff's Memorandum, p. 7.) It is undisputed that Shaun Suller was a participant in the program.
This court holds that, based upon the undisputed evidence, Shaun Suller is an identifiable person because "the harm did occur within a framework limited in duration, place and condition." Tryon v. North Branford, supra, 58 Conn. App. 710. The question of whether the harm was imminent is, however, one of fact for the trier of fact. Tryon v. North Branford, supra, 58 Conn. App. 716-17; see also Westport Taxi Service, Inc. v.Westport Transit District, 235 Conn. 1, 26, 664 A.2d 719 (1995); Gordonv. Bridgeport Housing Authority, supra, 208 Conn. 171.
"In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, supra, 206 Conn. 500. Because the issue of whether the acts or failure to act of the defendants created a situation of imminent harm to Shaun Suller remains to be resolved, the defendants' motion for summary judgment is denied.
 C. INDEMNIFICATION
The defendants' argument that, as Cook and Anderson are not liable pursuant to the doctrine of governmental immunity, then the city cannot be liable for indemnification, must fail at this juncture. Although the duty owed was a public duty, issues of fact exist regarding whether the "identifiable person/imminent harm" exception applies to bar the special defense of governmental immunity. As summary judgment is inappropriate as to Cook and Anderson, the plaintiffs' indemnification claim against the city remains viable. See Tryon v. North Branford, supra, 58 Conn. App. 718.
For the above reasons, the court denies the defendants' motion for summary judgment. CT Page 9623
The Court
By Grogins, J.