[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANTS'MOTION FOR SUMMARY JUDGMENT (#128)
The plaintiffs, a minor school child and her parents, filed an amended complaint against the named defendant, a school teacher, and the defendants, Town of West Hartford (Town) and its Board of Education (Board), alleging negligence against the teacher (count one): indemnity against the Town (count two); and negligence against the Board and Town (counts three and four). The defendants move for summary judgment claiming the plaintiffs action is barred, as the defendants are immune from liability under the doctrine of governmental immunity. For the reasons later stated, the motion is denied as to counts one, two and three and granted as to count four.
I. FACTUAL AND PROCEDURAL HISTORY
In a four count amended complaint dated February 28, 1996, the plaintiffs, Jacqueline Rheiner and her parents, Clare and Jeffrey Rheiner, brought an action against the defendants, Marybeth Lefevre (Lefevre), the Board and the Town. Jacqueline was a minor and a West Hartford resident, attending King Philip Middle School at the time of the incident alleged in the complaint.
Count one alleges negligence against the minor plaintiff's physical education teacher, Lefevre. Specifically, the plaintiffs allege that on January 26, 1993, while participating in a sixth grade physical education class instructed by Lefevre, Jacqueline sustained serious injuries after she attempted a vault on a `stationary horse'. The plaintiffs claim that Lefevre was negligent in failing to adequately spot, train, supervise and instruct Jacqueline as to the proper methods, safety procedures and dangers of performing the gymnastics maneuver attempted by her.
Count two alleges a cause of action against the Town pursuant to General Statutes § 7-465. Because the alleged negligence of Lefevre occurred while acting within the scope of her employment with the Town, the plaintiff alleges that the Town is liable for indemnification if Lefevre is found liable. Count three alleges negligence on the part of the Board and count four CT Page 3682 alleges negligence against the Town.
The defendants now move for summary judgment as to all four counts on the ground that the plaintiffs' cause of action is barred by the doctrine of governmental immunity. The defendants filed a memorandum of law in support of their motion with supporting affidavits and certified copies of depositions. The plaintiffs have filed a memorandum of law in opposition along with supporting affidavits and documents. Each side filed supplemental memoranda, and oral argument was heard.
II. DISCUSSION
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving parry is entitled to judgment as a matter of law." Practice Book § 384. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Great Country Bank v.Pastore, 241 Conn. 423, 435, 696 A.2d 1254 (1997).
The Connecticut Supreme Court "has approved the practice of deciding the issue of governmental immunity as a matter of law."Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). See also Kolaniak v. Board of Education,28 Conn. App. 277, 279, 610 A.2d 193 (1992).
 A
Before addressing the issue of whether the defendants are immune from liability, I must first address the issue of whether Lefevre is an employee of the town for the purposes of governmental immunity.
In Sansone v. Bechtel, 180 Conn. 96, 100, 429 A.2d 820
(1980), the court addressed the issue of whether a teacher is an employee of the state and held that "teachers as employees of a town board of education are also not employed in the state government" and therefore, they are not entitled to sovereign immunity. The plaintiffs rely on this case and argue that the defendant Lefevre is not entitled to immunity in the present case. In a sense, the plaintiffs are correct because there is a difference between sovereign and governmental immunity. The state and its officers and agents are immune from suit under the CT Page 3683 doctrine of sovereign immunity based on the theory that "the source of sovereign power in the state of Connecticut is the constitution, and it is recognized that a sovereign is immune from suit on the logical and practical ground that there can be no legal right as against the authority that makes the law on which the right depends." (Internal quotation marks omitted.)Herzig v. Horrigan, 34 Conn. App. 816, 818, 644 A.2d 360 (1994). Therefore Lefevre, as a municipal employee, is not entitled to sovereign immunity. The plaintiffs' argument that Lefevre is not entitled to governmental immunity, however, is not persuasive.
In Cheshire v. McKenney, 182 Conn. 253, 260, 438 A.2d 88
(1980), the court distinguished Sansone v. Bechtel, supra, and held that "local boards of education act on behalf of the municipality they serve as well as in fulfillment of their state mandates and that their professional and nonprofessional employees are employees of the municipality. . . ." Therefore, it is evident that Lefevre, as an employee of the municipality, may be entitled to governmental immunity for her actions. See alsoDoe v. Brown, Superior Court, judicial district of New Haven at Meriden. Docket No. 251878 (June 11, 1997, DiPentima, J.) (19 CONN. L. RPTR. 611, 612) (explaining that "this court cannot say as a matter of law that the defendant [school teacher] does not enjoy that immunity afforded a town employee"): Grimes v. Houser, Superior Court, judicial district of New London at New London. Docket No. 518242 (August 24, 1993, Hendel, J.) (10 CONN. L. RPTR. 14) (holding that the defendant school teacher may enjoy governmental immunity for his action).
 B
In Gordon v. Bridgeport Housing Authority, supra,208 Conn. 170, the court reiterated its adherence to the "public duty doctrine," which furnishes the starting point of a municipal liability analysis. The court explained that "[a] municipality itself was generally immune from liability for its tortious acts at common law . . . but its employees faced the same personal tort liability as private individuals." (Citations omitted.) Id., 165. "This court subsequently adopted the public duty doctrine, which provided even more immunity to public officials." Id., 166. See also Burns v. Board of Education, 228 Conn. 640, 645,638 A.2d 1 (1994).
In explaining the distinctions between public and private duties, the Supreme Court has held that "[i]f the duty imposed CT Page 3684 upon the public official . . . is of such a nature that the performance of it will affect an individual in a manner different in kind from the way it affects the public at large, the [action] is one which imposes upon the official a duty to the individual, and if the official is negligent in the performance of that duty he is liable to the individual." (Brackets in original; internal quotation marks omitted.) Roman v Stamford, 16 Conn. App. 213,220, 547 A.2d 97, cert. granted, 209 Conn. 821, 551 A.2d 757, aff'd. 211 Conn. 396, 559 A.2d 710 (1988).
The determination of whether there is a public or private duty involves a question of law and is a matter for the court to decide.[1] See also Roman v. Stamford, supra. 16 Conn. App. 220, (holding that the "determination [of whether there is a public or private duty] involves a question of law"); Burns v. Board ofEducation, supra, 228 Conn. 646 (holding that "[t]he existence of a duty of care, an essential element of negligence, is a matter for the court to decide").
Therefore, because the determination of whether a public or private duty exists involves a question of law, I find, as Lefevre was required to properly supervise her students, that she was engaged in the performance of a public duty at the time of the alleged negligence. See Viennese v. Graner, Superior Court, judicial district of New London at New London, Docket No. 524313 (June 28, 1993, Teller, J.) (9 CONN. L. RPTR. 306, 307) (holding that "[a] duty to supervise students is a public duty as it affects the students generally . . .").
"[A]lthough the public duty doctrine provides the starting point of the analysis, distinctions between discretionary acts and ministerial acts are often controlling without regard to whether the duty is ascertained to be public or private." Gordonv. Bridgeport Housing Authority, supra, 208 Conn. 170; see alsoRoman v. Stamford, supra, 16 Conn. App. 221.
"The doctrine of governmental immunity has provided some exceptions to the general rule of tort liability for municipal employees. [A] municipal employee . . . has qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act." (Brackets in original; internal quotation marks omitted.)Purzycki v. Town of Fairfield, Connecticut Supreme Court, Docket No. SC15668 (March 9, 1988). The Supreme Court "has also discussed extensively the difference between a ministerial and a CT Page 3685 discretionary act. A municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . On the other hand, ministerial acts are performed in a prescribed matter without the exercise of judgment or discretion as to the propriety of the action. . ." (Citations omitted; internal quotation marks omitted.) Gordon v.Bridgeport Housing Authority, supra, 208 Conn. 167-68; see alsoBurns v. Board of Education, supra, 228 Conn. 645.
 C
In the present case, the plaintiffs argue that Lefevre was engaged in the daily implementation of the curriculum established by the board. Therefore, the plaintiffs argue that Lefevre was engaged in a ministerial act and is not entitled to immunity. Finally, the plaintiffs argue that the determination of whether the acts are discretionary or ministerial involves a question of fact.
The defendants argue that even though Lefevre was provided with curriculum by the board, its implementation requires professional judgment. The defendants argue that a physical education teacher uses judgment and discretion in choosing what activities to conduct in class and in supervising such activities. Therefore, the defendants argue that because the acts complained of are discretionary, Lefevre is immune from liability as a matter of law.
In Redfearn v. Ennis, 28 Conn. App. 398, 401, 610 A.2d 1338
(1992), the court held that "the determination of whether the act complained of constituted a ministerial or governmental act is a matter of law for the court to decide." See also Evon v. Andrews,211 Conn. 501, 504, 559 A.2d 1131 (1989) (holding that the trial court did not err when it granted the defendant's motion to strike because the allegations of the complain "clearly [spelled] out discretionary governmental duties"); Heigl v. Board ofEducation, 218 Conn. 1, 8, 587 A.2d 423 (1991) (concluding as a matter of law that the defendant was engaged in a discretionary activity and was therefore immune).
In Gervais v. West Hartford Board of Education, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 555396 (July 25, 1996, Lavine, J.) (17 CONN. L. RPTR. CT Page 3686 383), the plaintiff, a high school student, brought an action against his physical education teacher after he was injured while participating in a floor hockey game conducted as part of the physical education program offered to his class. The court concluded that the physical education teacher was engaged in a discretionary activity at the time of the alleged injury and explained that "a physical education teacher uses judgment and discretion in choosing what sports or games to play in a physical education class, and in supervising such activities." Id.[2]
Thus I conclude that the facts alleged in count one require, in some measure, the exercise of judgment by the defendant physical education teacher. Accordingly, Lefevre's actions were not ministerial, but discretionary. Lefevre is therefore entitled to immunity unless an exception to this rule applies.
"The immunity for the performance of discretionary acts by a municipal employee is subject to three exceptions or circumstances under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Citations omitted; emphasis added.)Evon v. Andrews, supra, 211 Conn. 505. See also Shore v.Stonington, 187 Conn. 147, 153-55, 444 A.2d 1379 (1982).
The identifiable person-imminent harm exception is the only one relevant to this case. "The `[identifiable] person/imminent harm' exception to the general rule of governmental immunity for employees engaged in discretionary activities has received very limited recognition in this state." Evon v. Andrews, supra,211 Conn. 507. This exception has been construed "to apply not only to identifiable individuals but also to narrowly defined identifiable classes of foreseeable victims." Burns v. Board ofEducation, supra, 228 Conn. 646. See also Gonzalez v. City ofBridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 253464 (June 4, 1993, Fuller, J.) (9 CONN. L. RPTR. 202, 203) (holding that "[this] exception has only been extended to encompass situations of personal danger to an identifiable person"). CT Page 3687
In determining the scope of this exception to governmental immunity, courts have considered numerous criteria, "including the imminency of any potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim." Burns v. Board ofEducation, supra, 228 Conn. 647. In applying these factors, the court in Burns v. Board of Education, supra, 649, held that school children, who are statutorily required to attend school, are an identifiable class of foreseeable victims.
The plaintiffs rely on Burns v. Board of Education, supra, and argue that Jacqueline was a foreseeable victim subject to imminent harm because dangerous conditions existed in the gym class activity supervised by Lefevre. The defendants counter that any alleged danger in the physical education class was not limited in duration, as the icy sidewalk was in Burns, and therefore, that case is not applicable to the present one. The defendants rely on Evon v. Andrews, supra, and argue that Jacqueline's injury could have occurred at any time or not at all and therefore, she was not subject to imminent harm.
In the present case, Jacqueline was a student in Lefevre's physical education class engaged in advanced gymnastic maneuvers when the injury occurred. More specifically, "Lefebvre encouraged [Jacqueline] . . . to run to a spring board, jump onto said spring board that propelled her into the air, then to land briefly on the [stationary] horse and flip over with arms outstretched, landing on a mat. . . ." The plaintiffs also argue that Lefevre was negligent in failing to adequately spot, train, supervise and instruct Jacqueline as to the proper methods, safety procedures and dangers of performing the gymnastics maneuver.
As a student in Lefevre's physical education class, Jacqueline was both an identifiable person and within a foreseeable class of victims. See Burns v. Board of Education,supra, 228 Conn. 646. Construing the evidence in a light most favorable to the plaintiffs. I must conclude that genuine issues of material fact exist as to whether Jacqueline was subject to imminent potential harm when she was injured during that activity, and as to the likelihood that harm would result from a failure of Lefevre to act with reasonable care under all of the circumstances. See Purzycki v. Town of Fairfield, supra, Connecticut Supreme Court, Docket No. SC15668 ("the existence of imminent harm is a factual issue"); Burns v. Board of Education, CT Page 3688supra 228 Conn. 647; See also Pagan v. Anderson, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 388804 (August 22, 1991, Hennessey, J.) (4 CONN. L. RPTR. 428, 430) (holding that "[t]he determination of whether the defendant's actions did subject an identifiable person to imminent harm is a factual issue to be determined by the trier of fact"). Accordingly, I must deny the defendants' motion for summary judgment as to count one of the plaintiffs' complaint alleging negligence against Lefevre.
 D
Count two alleges a claim pursuant to General Statutes §7-465.[3] "A plaintiff bringing suit under General Statutes § 7-465 first must allege in a separate count and prove the employee's duty to the individual injured and the breach thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification." (Internal quotation marks omitted.) Wu v. Fairfield, 204 Conn. 435, 438, 528 A.2d 364
(1987): Sestito v. Groton, 178 Conn. 520, 527, 493 A.2d 165
(1979). The municipality's liability is derived from the liability of its employee. Kaye v. Manchester, 20 Conn. App. 439,443-44, 568 A.2d 459 (1990). "Thus, in a suit under 7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual."Wu v. Fairfield, supra, 438.
Because the defendants' motion for summary judgment as to the plaintiffs' claim of negligence against Lefevre in count one is denied, summary judgment must also be denied as to the plaintiffs' claims for indemnification against the Town pursuant to General Statutes § 7-465.
 E
Count three of the plaintiffs complaint alleges negligence on the part of the Board. Specifically, the plaintiffs allege that the Board purchased the gymnastics equipment used by the minor plaintiff and that it failed to promulgate and enforce proper safety procedures concerning the use of the equipment, permitted the equipment to be used in a physical education class without adequate supervision or instruction, permitted an unqualified instructor to teach, placed children in a dangerous and unsafe environment, provided unsuitable equipment for use by or near CT Page 3689 sixth graders, and failed to post and enforce safety warnings and policies.
The defendants argue in support of their motion for summary judgment that the Board is entitled to immunity. The defendants claim that a board of education exercises judgment and discretion when determining policy. The plaintiffs counter that "[t]he board of education sets policy on its own initiative or based upon Connecticut Statutes that require the promulgation of such policies" and that "[i]t is the negligent disregard or the failure to properly observe such policies by individuals within a board's employment that gives rise to the board's liability." (Plaintiffs' Memorandum of Law in Opposition, p. 14).
"A town board of education can be an agent of the state for some purposes and an agent of the municipality for others. . . . A town board of education thus potentially enjoys immunity under two different theories of immunity for acts carried out within its governmental capacity." (Citations omitted.) Heigl v. Boardof Education, supra, 218 Conn. 3-4. "Local boards of education also are agents of the towns, subject to the law governing municipalities, when acting on behalf of the municipality in its function of mandating control over the public schools within the municipality's limits." R. A. Civitello Co. v. New Haven,6 Conn. App. 212, 218, 504 A.2d 542 (1986).
"Pursuant to their duty to provide public education, the town boards are given substantial discretion to determine educational policy. . . . Included in this authority is the power to decide that sporting events are a necessary or desirable part of the town's educational program." (Citation omitted.) Couture v. Boardof Education, 6 Conn. App. 309, 313, 505 A.2d 432 (1986). See also Light v. Board of Education, 170 Conn. 35, 39-40,364 A.2d 229 (1975) (holding that "[i]t has been recognized that matters concerning the employment of teachers require the board of education to exercise a broad discretion. . .") Moreover, the act of a board of education in promulgating a policy "is a discretionary activity." Heigl v. Board of Education, supra.218 Conn. 5.
In the present case I find that the Board was engaged in a discretionary activity in purchasing the gymnastics equipment and in establishing policies governing physical education classes. Therefore, the Board is entitled to immunity unless an exception to this rule applies. CT Page 3690
Again, the identifiable person-imminent harm exception to governmental immunity is the only exception relevant to this case. The Board, therefore, is not immune from liability if its actions, or inactions, were likely to subject an identifiable person or a member of a narrowly defined identifiable class of foreseeable victims' to imminent harm. See Evon v. Andrews,supra, 211 Conn. 505; Purzycki v. Town of Fairfield, supra, Connecticut Supreme Court, Docket No. SC 15668.
The defendants claim that in formulating policy, the board was engaged in a public duty owed to all students generally. and therefore, there was no private duty owed to the plaintiff with regard to the purchase of the gymnastics equipment. The defendants also claim that the equipment itself was not defective or inherently dangerous, and therefore, the board did not provide unsuitable equipment for use by or near sixth graders.[4] The plaintiffs rely on Burns v. Board of Education, supra,228 Conn. 649, and argue that the board owed a specific duty to the plaintiff, as a school child and a foreseeable victim.
I find the plaintiffs' claim more persuasive. Purzycki v.Town of Fairfield, supra, Connecticut Supreme Court, Docket No. SC1 15668, involved an action against the school principal and the board of education. In determining whether the imminent harm exception to governmental immunity applied, the court relied onBurns and held that "we have established specifically that schoolchildren who are statutorily compelled to attend school, during school hours on school days, can be an identifiable class of victims. . . Therefore, we must inquire whether there was sufficient evidence for a jury to have found that imminent harm existed under these circumstances." Id.
Finally, the defendants argue that a board of education does not have a duty to supervise students. In support of their argument, the defendants rely on Heigl v. Board of Education,supra, 218 Conn. 8, wherein the court held that, "[n]either the General Statutes nor our decisional law has ever stated that a board of education has a specific duty to supervise high school
students. Even if such a duty exists, actions pursuant to such a duty are discretionary if they are performed wholly for the direct benefit of the public. . . ." (Emphasis added; internal quotation marks omitted.). In Purzycki v. Town of Fairfield,supra, the defendant board of education cited the above quoted language from Heigl for the same proposition that the board did CT Page 3691 not owe a specific duty to supervise the plaintiff school child. The Supreme Court, however, held that Heigl did not support the board's claim because the child in Purzycki was a second grade student and not a high school student. Furthermore, the court explained that "[i]n Heigl, we further stated that, if such a duty existed, actions taken pursuant to such a duty are discretionary. . . On the basis of our conclusion that the plaintiffs have adequately proven the imminent harm to an identifiable person exception to governmental immunity for discretionary acts, this alternate theory must also fail."Purzycki v. Town of Fairfield, supra, Connecticut Supreme Court, Docket No. SC15668.
The present case involves a sixth grade elementary school student who was injured while performing an advanced gymnastics maneuver in gym class. The risk of harm present in Purzycki, namely that unsupervised elementary schoolchildren tend to run and engage in horseplay that often results in injuries, may not be present in this case, and therefore, the court's decision regarding the duty of the board to supervise schoolchildren is arguably distinguishable. Nevertheless, Jacqueline was subject to a foreseeable risk of harm by performing advanced gymnastics maneuvers in a gym class that was allegedly poorly supervised and without adequate safety procedures regarding the use of the equipment and/or sufficient training and instruction. Because the issue of whether she was subject to imminent harm involves factual issues that are not properly decided on a motion for summary judgment. I must deny the defendants' motion for summary judgment as to count three alleging negligence against the Board.
 F
Count four of the complaint alleges negligence on the part of the Town. The allegations contained in count four are identical to those alleged in count three. Unlike count two which is brought pursuant to General Statutes § 7-465, count four involves a common-law negligence claim and is not brought pursuant to any statute.
"[A] municipality itself was generally immune from liability for its tortious acts at common law." (Internal quotation marks omitted.) Williams v. New Haven, 243 Conn. 763, 766, (1998). The Connecticut Supreme Court has also recognized, however, "that governmental immunity may be abrogated by statute. . . Thus, the general rule developed in our case law CT Page 3692 is that a municipality is immune from liability for negligence unless the legislature has enacted a statute abrogating that immunity." (Citations omitted.) Id., 766-67.
In Williams v. New Haven, supra, 943 Conn. 767, the court explained that the legislature has acted to limit governmental immunity in certain circumstances. The court held, however, that "[b]ecause it is clear that a municipality enjoys governmental immunity for common-law negligence unless a statute has limited or abrogated that immunity, the plaintiffs cannot prevail. The plaintiffs do not rely on any such statute . . . The doctrine of governmental immunity is fatal to their cause of action against the defendant." Id., 769.
Count four alleges common-law negligence against the town and is not brought pursuant to any statute abrogating the immunity afforded the town. Accordingly, pursuant to Williams v. NewHaven, supra, the plaintiffs may not prevail over the Town on this count. Therefore, the defendants' motion for summary judgment as to count four of the complaint is granted.
CONCLUSION
As the defendants have not demonstrated the absence of a genuine issue of material fact, as a matter of law, as to counts one, two and three, their motion for summary judgment is denied as to those counts. As to count four, the defendants have demonstrated, as a matter of law, that the Town owes no duty to the minor plaintiff on the facts as alleged, and therefore the plaintiffs may not prevail over the Town. Thus, summary judgment is granted as to count four.
TELLER, J.