[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Brian Dube, the minor plaintiff, alleges that on September CT Page 16146 10, 1996, while a seventh grade student at the Dodd Middle School and a member of the cross country track team, he and the other the members of the cross country track team were left unsupervised for a period of time while they were warming up on the school baseball field. Dube alleges that during this time of no supervision, he was negligently pushed by the defendant Christopher Corso, a fellow student and member of the cross country track team, causing him to strike the ground and sustain injuries. Brian Dube, along with his parents, Kathryn Dube and Henry Dube, filed a complaint on October 9, 1998 alleging negligence in count one against Richard Bye (a physical education teacher and the cross-country track coach), negligence in count two against Donald Wailonis (the principal of the Dodd Middle School), negligence in count three against Ralph Wallace (the superintendent of schools in Cheshire), negligence in count six against the town of Cheshire, negligence in count seven against the Cheshire board of education, indemnification in count eight as to the Cheshire board of education for the acts of Bye, Wailonis, and Wallace pursuant to General Statutes § 10-235, and indemnification in count nine as to the town of Cheshire for the acts of Bye, Wailonis, and Wallace. Count ten incorporates all counts as applying to Kathryn and Henry Dube.
On November 23, 1998, the defendants[1] Bye, Wallace, Wailonis, Cheshire board of education, and the town of Cheshire moved to strike the first, second, third, sixth, seventh, eighth, ninth, and tenth counts of the complaint on the ground that such counts fail to state a claim upon which relief can be granted. The defendants claim that the first, second, and third counts are barred by the doctrine of governmental immunity and General Statutes § 52-557n (a)(2). The defendants claim that the sixth, seventh, eight, and ninth counts set forth a claim for indemnification and fail because the liability of the municipal employees is barred because of governmental immunity. The defendants and the plaintiffs have timely filed memoranda in support of their respective positions.
The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. See Peter-Michael, Inc. v. SeaShell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff] [has] stated a legally sufficient cause of action." Napoletano v. CIGNA Healthcare ofCT Page 16147Connecticut, Inc., 238 Conn. 216, 232-33, 680 A.2d 127 (1996). The Connecticut Supreme Court "will not uphold the granting of [a] motion to strike on a ground not alleged in the motion nor relied upon by the trial court." Blancato v. Feldspar Corp. ,203 Conn. 34, 44, 522 A.2d 1235 (1987). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citations omitted.) Pamela B. v. Ment, 244 Conn. 296, 308,709 A.2d 1089 (1998).
When "it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant [is] not required to plead governmental immunity as a special defense and [may] attack the legal sufficiency of the complaint through a motion to strike." Brown v. Branford,12 Conn. App. 106, 111 n. 3, 529 A.2d 743 (1987). "But where it is not apparent from the allegations of the complaint that the municipality was so engaged, then the defense of governmental immunity should be pleaded." Trzaska v. Hartford,12 Conn. Sup. 301, 302 (1943), citing Hoffman v. Bristol, 113 Conn. 386,387, 155 A. 499 (1931). "A motion to strike is the proper vehicle for resolving the issues of whether a cause of action is barred by governmental immunity "and whether an exception to governmental immunity is sufficiently pleaded." Matthews v. Sklarz, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 582036 (February 25, 1999, Hennessey, J.), citingHeigl v. Board of Education, 218 Conn. 1, 2-3, 587 A.2d 423
(1991); Evon v. Andrews, 211 Conn. 501, 502-04, 559 A.2d 1131
(1989).
In outlining the scope of governmental immunity, the Connecticut Supreme Court has stated that "municipalities and their employees or agents have immunity from negligence liability for governmental acts involving the exercise of judgment or discretion." Elliott v. Waterbury, 245 Conn. 385, 411,715 A.2d 27 (1998). Additionally, the Connecticut Supreme Court has stated, "[a] municipal employee . . ., has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act." (Internal quotation marks omitted.) Purzyckiv. Fairfield, 244 Conn. 101, 107, 708 A.2d 937 (1998). A governmental immunity analysis therefore requires a determination of whether the duty was public or private, ministerial or CT Page 16148 discretionary, and whether there is liability under any of the established exceptions.
The duty in the present case was public in nature. If the duty "is of such a nature that the performance of it will affect an individual in a manner different in kind from the way it affects the public at large, the [action] is one which imposes upon the official a duty to the individual, and if the official is negligent in the performance of that duty he is liable to the individual." (Internal quotation marks omitted.) Roman v.Stamford, 16 Conn. App. 213, 220, 547 A.2d 97 (1988), affd,211 Conn. 396, 559 A.2d 710 (1989). The Connecticut Superior Court has held that "[a] duty to supervise students is a public duty as it affects students generally." Viens v. Graner, Superior Court, judicial district of New London at New London, Docket No. 524313 (June 28, 1993, Teller, J.). See also Rheiner v. Lefevre, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 541267 (March 12, 1998, Teller, J.) (21 Conn. L. Rptr. 502) ("as [the physical education teacher] was required to properly supervise her students . . . she was engaged in the performance of a public duty . . ."
"[A]lthough the public duty doctrine provides the starting point of the analysis, distinctions between discretionary acts and ministerial acts are often controlling without regard to whether the duty is ascertained to be public or private." Gordonv. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). A ministerial act "refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." (Internal quotation marks omitted.) Evon v.Andrews, supra, 211 Conn. 505. "Generally, liability may attach for a negligently performed ministerial act, but not for a negligently performed governmental or discretionary act."Kolaniak v. Board of Education, 28 Conn. App. 277, 281,610 A.2d 193 (1992). "An allegation of failure to supervise students has been held to be for the public benefit and discretionary in nature." Natale v. Greenwich Board of Education, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 234271 (November 18, 1991, Katz, J.) (7 C.S.C.R. 10) citing Heigl v.Board of Education, supra, 218 Conn. 1. The duty owed in the case was both a public duty and a discretionary duty.
The Connecticut Supreme Court has delineated three exceptions to the qualified immunity a municipal employee for his discretionary acts: "[F]irst, where the circumstances make it CT Page 16149 apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Citations omitted.) Evon v. Andrews, supra, 211 Conn. 505. The only exception potentially applicable to the present case is the identifiable person/imminent harm exception.
In the identifiable person/imminent harm exception, a municipal employee will be held liable in a "tort action in circumstances of perceptible imminent harm to an identifiable person." Burns v. Board of Education, 228 Conn. 640, 646,638 A.2d 1 (1994). This exception applies "not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims." Id. "[S]choolchildren who are statutorily compelled to attend school, during school hours on school days, can be an identifiable class of victims." Purzycki v. Fairfield, supra, 244 Conn. 109. The minor plaintiff, as a member of the cross country track team and a student at the Dodd Middle School, was a foreseeable victim.
To qualify for the identifiable person/imminent harm exception to governmental immunity, the plaintiffs must also have alleged legally sufficient facts to demonstrate imminent harm or that "there was a foreseeably dangerous condition that was limited in duration and geographic scope." Purzycki v. Fairfield, supra, 244 Conn. 110. Whether this exception applies to the present action requires a discussion of the facts alleged in light of two Connecticut Supreme Court cases: Burns v. Board ofEducation, supra, 228 Conn. 620, and Purzycki v. Fairfield, supra, 244 Conn. 101.
In Burns v. Board of Education, supra, 228 Conn. 640, the plaintiff school child slipped and fell due to icy conditions on a main accessway of the school campus. See id., 642. The Connecticut Supreme Court reversed the trial court's granting of partial summary judgment for the municipal defendant based on governmental immunity. See id., 651. In deciding that the identifiable person/imminent harm exception applied, the court reasoned: "[T]his accident could not have occurred at any time in the future; rather, the danger was limited to the duration of the temporary icy condition in this particularly treacherous area of the campus. Further, the potential for harm from a fall on ice was significant and foreseeable. Under these circumstances . . . CT Page 16150 the plaintiff school child was one of a class of foreseeable victims to whom the superintendent owed a duty of protection in relation to the maintenance and safety of the school grounds, and accordingly governmental immunity is no defense." (Internal quotation marks omitted.) Id., 650. "As a matter of policy, this conclusion comports with our case law that has traditionally recognized that children require special consideration when dangerous conditions are involved." Id.
In Purzycki v. Fairfield, supra, 244 Conn. 101, the plaintiffs sued the board of education and the school principal for injuries sustained by the plaintiff school child when he was tripped by a fellow student in an unsupervised hallway. See id., 103. The Connecticut Supreme Court considered "[if] the trial court [was] correct in setting aside the verdict on the ground that the plaintiffs failed to prove that the plaintiff child was subject to imminent harm, an exception to a municipal employee's immunity from liability when performing discretionary acts." (Internal quotation marks omitted.) Id., 106. In Purzycki v.Fairfield, it was school policy to leave the hallway unmonitored during a one-half hour lunch period recess, during which time students were dismissed from the lunch room to cross the hallway on their way to recess. See id., 111. The Supreme Court concluded that these facts were analogous to Burns v. Board of Education, supra, 228 Conn. 640: "In Burns, it was critical to our conclusion that governmental immunity was not a defense that the danger was limited to the duration of the temporary . . . condition . . . [and that] the potential for harm . . . was significant and foreseeable. . . . Similarly, the present case involves a limited time period and limited geographical area, namely, the one-half hour interval when second grade students were dismissed from the lunchroom to traverse an unsupervised hallway on their way to recess. Also, it involves a temporary condition, in that the principal testified that every other aspect of the lunch period involved supervision." (Citations omitted; internal quotation marks omitted.) Id., 110. The court noted that the risk of harm was significant and foreseeable in that school administrators were aware that unsupervised children are more likely "to run and engage in horseplay that often results in injuries." Id. Therefore, the court concluded that "because the school administrators here had reason to foresee the danger that could occur on a daily basis, the harm in the present case was not as remote a possibility as was the harm in Evon." Id., 111. CT Page 16151
The present action is similar to Purzycki v. Fairfield, supra, 244 Conn. 101, and Burns v. Board of Education, supra,228 Conn. 640. In the present case, the plaintiffs have alleged facts to show that the danger was limited in duration and geographic area, namely for the period of time when the students were left unsupervised on the baseball field. Additionally, plaintiffs have alleged facts to show that the condition was temporary in that the students were unsupervised only while Bye remained in the school. The complaint sufficiently alleges that the condition was foreseeable and states "[Bye] knew or should have known that leaving the members of the cross country track team unsupervised and unattended would result in injury." Additionally, bothPurzycki v. Fairfield, supra, 244 Conn. 101, and Bonamico v.Middletown, 49 Conn. App. 605, 713 A.2d 1291 (1998) have recognized that leaving school children unsupervised creates imminent harm.[2] The plaintiffs have alleged legally sufficient facts which, if proved, would invoke the imminent harm/foreseeable victim exception to governmental immunity and therefore the defendants' motion to strike counts one, two, and three should fail.[3] "Although the ultimate determination of whether qualified immunity applies is ordinarily a question of law for the court, when, as in this case, there are unresolved factual issues material to the applicability of the defense, preventing its early disposition, resolution of those factual issues is properly left to the jury." (Emphasis omitted.)Mulligan v. Rioux, 229 Conn. 716, 736, 643 A.2d 1226 (1994).
The defendants also claim in their memorandum that the plaintiffs' claims are barred by General Statutes § 52-557n
(a)(2). This court has held that "General Statutes § 52-557n
(a)(2) does not establish or create an additional principle of governmental immunity, but does in fact reiterate the common law principal of governmental immunity." Hurdle v. Waterbury, Superior Court, judicial district of Waterbury, Docket No. 123428 (December 11, 1995, Sullivan, J.). The the three exceptions to qualified governmental immunity are incorporated into this statute and for the foregoing reasons, governmental immunity does not provide a ground for this motion to strike.
The defendants also claim in their motion to strike that counts six and seven fail as a matter of law because they "[set] forth a claim for indemnification" and "the liability of the municipal employee is barred as set forth above." Counts six and seven of the plaintiffs' complaint are not indemnification claims but rather direct negligence actions against the Town of Cheshire CT Page 16152 and the Cheshire Board of Education and are labeled as such in the plaintiffs' complaint.[4] Because the proposed grounds for striking the plaintiffs' sixth and seventh counts do not challenge their legal sufficiency, the motion to strike counts six and seven should be denied.
The defendants claim that the ninth[5] count fails as a matter of law because "the liability of the municipal employee is barred as set forth above." Because the claims contained in counts one, two, and three are legally sufficient to withstand a motion to strike, count nine must also not be stricken as it is derivative of possible liability in counts one, two, and three. The defendants also state in their motion to strike that the eighth count "fails as a matter of law since the liability of the municipal employee is barred as set forth above." The defendants then make an argument in their accompanying memorandum that count eight should be stricken because General Statutes § 10-235 does not provide for a direct cause of action against a board of education by a plaintiff in a tort action. Although the argument raised by the defendant's motion is not the argument raised by its memorandum, nevertheless, this court may consider the argument raised by the defendants' memorandum due to the plaintiffs' failure to object to the form of this motion to strike. See Bouchard v. People's Bank, 219 Conn. 465, 468 n. 4,594 A.2d 1 (1991).
General Statutes § 10-235 provides in pertinent part: "Each board of education shall protect and save harmless any . . ., teacher or other employee [of such board] . . . from financial loss and expense . . . arising out of any claim . . ., by reason of alleged negligence. . . ." The defendants argue that this statute does not provide an injured plaintiff with a direct cause of action against a board of education. The Supreme Court has stated that the purpose of § 10-235 was "to make indemnification available to a board of education employee for losses sustained from claims or suits . . . resulting from any act of the employee performed in the discharge of his or her duties or within the scope of employment or under the direction of such board." (Internal quotation marks omitted.) King v. Board of Education,203 Conn. 324, 236, 524 A.2d 1131 (1987).
Although there is a split of authority within the Connecticut Superior Court on the availability of an action against a board of education by a non-board employee pursuant to General Statutes § 10-235[6], this court should follow the ruling of Zuba v. NewCT Page 16153Milford, Superior Court, judicial district of Litchfield, Docket No. 065903 (November 29, 1995, Pickett, J.). That case did not allow a direct action pursuant to § 10-325 and held that "it would appear that the court [in Burns v. Board of Education] allowed the plaintiff to bring a direct cause of action [under General Statutes § 10-235] but it is clear that the issue of whether it should or should not be allowed was never raised on appeal nor did the court directly address it." This court should follow the ruling of Zuba v. New Milford and grant the defendants' motion to strike the eighth count.
In light of the foregoing, the defendants' motion to strike count ten is granted with respect to § 10-235 only.[7]
Howard F. Zoarski Judge Trial Referee